## John K. Trauck, Plff. in Err., v. William P. Hill.

In an action on a promissory note for $1,200, against the maker, by one who had taken the note from the payee,—*Held*, that proof that the plaintiff had given the payee, for the note, before maturity, $50 in cash, and had returned to the payee a due bill and certain notes made by such payee, was sufficient to constitute the plaintiff a purchaser for value of the note in suit.

(Argued March 29, 1888.    Decided May 7, 1888.)

January Term, 1888, No. 260, E. D., before GORDON, Ch. J., PAXSON, GREEN, CLARK, and WILLIAMS, JJ.    Error to the Common Pleas No. 1 of Philadelphia County to review a judgment in favor of the plaintiff in an action on a promissory note, June Term, 1883, No. 689.    Affirmed.

The action was brought by William P. Hill against John K. Trauck, on a note for $1,200 and interest, made by Trauck, to

Cited in Snyder v. Hancock, 9 Pa. Dist. R. 159, 161.

NOTE.—By the negotiable instrument act of May 16, 1901 (P. L. 194), § 25, it is provided that "value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

the order of William Dunlap, and indorsed by Dunlap to plaintiff.

The defendant claimed that the note was void, as regarded the payee named therein, on account of a total failure of consideration and the false representations and fraud of the payee, and that the plaintiff was not a purchaser thereof for value, and therefore could not recover thereon.

On the trial, Hill, the plaintiff, testified: "I received this note about thirty days before it was due, from William Dunlap. He owed me at that time in the neighborhood of $1,050. I held two of his notes for $350 each; a due bill for $200 cash loaned; a bill for $60 (for work done); and a loan of $140. Dunlap wanted me to loan him $50 more, and offered me this note of Trauck's. I told him to wait till next day before I would loan him any more money. I made inquiries at the Keystone Bank of Trauck, and was told that he kept a good account there. I took this note from Dunlap, gave him $50 in cash and returned his due bill and the two notes. . . . I took Trauck's note in payment and gave these notes up because I got a note with two names on it instead of one. I considered that I was not losing anything in giving back these notes, because I still held Dunlap on his indorsement upon this note, and then I got two names for one."

The court, BIDDLE, A. J., directed the jury to find a verdict for the plaintiff if they believed that the plaintiff had truthfully stated the facts connected with his receipt of the note in suit, and that he had accepted such note for $50 in cash paid by him and in payment of other negotiable paper which, upon the receipt of the note, he delivered up.

Verdict and judgment for plaintiff for the amount of the note in suit, with interest.

The assignment of error specified the above action of the court.

*James H. Shakespeare* and *James H. Heverin,* for plaintiff in error.—The contention of the defendant below was that Hill was not a holder of the note in suit for a valuable consideration, but that he took the note as collateral security for an antecedent debt.

If there was any evidence to sustain this position, it was the duty of the judge to explain what in the law constituted a person a holder of a note for a valuable consideration, and that if

the jury found such facts to exist, that then the plaintiff was a holder for value, and no defense would be permitted that the note was obtained by fraud. These questions are always for the jury.

The acceptance of a new security for an existing debt does not operate as a payment, unless so intended by the parties, and this is a question for the jury. Kemmerer's Appeal, 102 Pa. 558; Brown v. Scott, 51 Pa. 363; Seltzer v. Coleman, 32 Pa. 493.

Bills or notes of a third person taken for a precedent debt, without a special agreement to the contrary, are not payment before the proceeds are received. M'Ginn v. Holmes, 2 Watts, 121; Weakly v. Bell, 9 Watts, 281, 36 Am. Dec. 116.

In Pring v. Clarkson, 1 Barn. & C. 14, it was ruled that the acceptance of a new bill from the acceptor of the first, after the latter had become payable, for the payment of the same debt at a future. day, could only be considered as collateral security, and therefore did not amount to or imply an agreement to give time to the acceptor, and therefore did not release the other parties to the bill. See also Leas v. James, 10 Serg. & R. 315; McIntyre v. Kennedy, 29 Pa. 449; League v. Waring, 85 Pa. 244.

The mere acceptance from a debtor, of his own note or the note of a third person, in case of an antecedent indebtedness, is not a payment of the indebtedness. In the absence of a special agreement it must be considered a conditional payment or as collateral security. Hunter v. Moul, 98 Pa. 13, 42 Am. Rep. 610; Depeau v. Waddington, 6 Whart. 220, 36 Am. Dec. 216.

If the giving of time was relied upon as a new consideration, that was a question of fact for the jury to determine. In order to make the giving of time to an original debtor a good consideration for a promise of a third party to pay the debt of another, two questions of fact must be submitted to the determination of the jury: 1, whether such time was agreed to be given; and 2, whether the time was given in consideration of the promise. Silvis v. Ely, 3 Watts & S. 420, 428; Clark v. Russel, 3 Watts, 213–218, 27 Am. Dec. 348; Kirkpatrick v. Muirhead, 16 Pa. 117–119; Downing v. Funk, 5 Rawle, 69.

If this note was in reality taken by Hill as collateral security for his antecedent indebtedness, the defense was open to the maker of the note that it was procured by false and fraudulent representations, and that he received no consideration for it.

Cummings v. Boyd, 83 Pa. 372; Kirkpatrick v. Muirhead, 16 Pa. 117; Schæffer v. Fowler, 111 Pa. 451, 2 Atl. 558.

*John G. Johnson,* for defendant in error.—"The surrender to a party of his own negotiable note past due, and taking in lieu thereof a negotiable note before its maturity, is a sufficient parting with value to constitute the party a bona fide holder of the latter note." Pratt v. Coman, 37 N. Y. 440. See also Depeau v. Waddington, 6 Whart. 233, 36 Am. Dec. 216.

PER CURIAM:

We cannot reverse this case. If Hill's testimony, which was properly submitted to the jury, was believed, as it seems to have been, having given a full consideration for the Trauck note, he was entitled to recover. He says: "I took the note from Dunlap and gave him $50 in cash, and returned him his due bill and the two notes."

Here certainly was a sufficient *quid pro quo;* a lawful sale of the note in suit for a good and sufficient consideration.

The judgment is affirmed.